IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

STEVE DE LA CRUZ                                                                                         PETITIONER
Reg. #81604-380

v.                                                   2:22-cv-00239-JM-JJV

JOHN P. YATES, Warden,
Federal Correctional Institution – Forrest City Low                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.    INTRODUCTION**

Petitioner Steve De La Cruz brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 1.) He alleges the Bureau of Prisons ("BOP") has improperly failed to apply earned time credits against his sentence pursuant to the First Step Act of 2018, 18 U.S.C. §§ 3631-3635. (*Id*. at 2.) After careful consideration of Mr. De La Cruz's Petition as well as the Response (Doc. No. 6), I recommend the Petition be dismissed without prejudice.

**II.   FACTS**

In 2018, in the United States District Court for the Western District of Texas, Mr. De La Cruz pled guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), and one count of carrying or possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *United States v. De La Cruz*, 5:16-cr-00813-OLG-1 (W.D. Tex. Jan. 4, 2018). He was sentenced to 121 months' imprisonment on the § 841 offense and sixty months' imprisonment on the § 924(c) offense, with the terms to run consecutively. *Id.*, Doc. No. 70. Mr. De La Cruz is currently serving his aggregate sentence of 181 months at the Forrest City Low Federal Correctional Institution. (Doc. No. 1 at 1.)

Mr. De La Cruz does not dispute that he is ineligible to receive time credits against his § 924(c) sentence, as it is a disqualifying offense under the First Step Act. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). However, he argues he is eligible to receive time credits against his § 841 sentence, as possession with intent to distribute methamphetamine is not a disqualifying offense. (Doc. No. 1 at 6-7.) Respondent John P. Yates, Warden of the Forrest City Low FCI, argues in part that Mr. De La Cruz's Petition should be dismissed based on his failure to exhaust his administrative remedies. (Doc. No. 6 at 2-3.)

### III.   ANALYSIS

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations afford prisoners administrative review of the computation of their credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16). Prisoners are able to seek judicial review of these computations "after exhausting their

administrative remedies." *Id*. (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

The record shows that Mr. De La Cruz completed the first two steps properly, documenting an informal resolution attempt and subsequently submitting a Request for Administrative Remedy to the Warden. (Doc. No. 1 at 10, 11.) However, he failed to properly appeal the Warden's response to the Regional Director, and his appeal was rejected for two reasons: he included more than the one allowable "continuation page," and he failed to include a copy of the Warden's response to his Request for Administrative Remedy.[1] (*Id*. at 27.) Mr. De La Cruz was informed

---

[1] Mr. De La Cruz implies he was unable to include the Warden's response because the Warden did not provide one in the allotted time. (Doc. No. 1 at 3.) However, the record shows that Mr. De La Cruz's Request for Administrative Remedy was filed on September 13, 2022, and the Warden

3

he could resubmit his appeal in proper form within fifteen days. (*Id*.) Instead, he proceeded to the fourth step, submitting an appeal to the General Counsel. (*Id*. at 28.)

Mr. De La Cruz does not cite any basis for his failure to properly complete the exhaustion process. Nor does he make any argument as to why exhaustion of administrative remedies would be futile or that the requirement should be excused on some other basis. Because Mr. De La Cruz failed to exhaust his administrative remedies prior to seeking judicial review in this habeas action, his Petition should be dismissed without prejudice.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. De La Cruz's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

DATED this 14th day of April 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

responded on September 19, 2022, well within the twenty calendar days set forth in 28 C.F.R. § 542.18. (*Id*. at 11, 14.)